UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE CENTER FOR ORTHOPEDICS AND SPORTS MEDICINE, *et al.*, | Civil Action No: 16-cv-08876 (PGS)(DEA) |
| *Plaintiffs*, | |
| v. | **MEMORANDUM AND ORDER** |
| ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY and GOOGLE, INC. | |
| *Defendants*. | |

This matter comes before the Court on Defendants Anthem Blue Cross Life and Health Insurance (hereinafter, "Anthem") and Google, Inc.'s Motions to Dismiss The Center For Orthopedics and Sports Medicine and Dr. Daniel E. Fox (hereinafter, "Plaintiff Providers"), and Patient Adrian P.'s Complaint pursuant Federal Rules of Civil Procedure 8(a), 12(b)(1) and 12(b)(6) (ECF Nos. 9 and 10). Plaintiffs initiated this suit, seeking relief under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* (ECF No. 1). For the reasons discussed herein, Defendants' motions to dismiss are granted in part, and denied in part.

### BACKGROUND

This case arises from a dispute over nonpayment of medical services. The Center is an out-of-network healthcare association, and Dr. Fox an out-of-network healthcare provider and licensed orthopedic surgeon. (Complaint at ¶¶ 1-2). On October 13, 2015, Dr. Fox provided medical services to Adrian P., which included ACL reconstruction surgery to Adrian P.'s right knee and related procedures. (*Id.* at ¶ 33). However, since the Center and Dr. Fox were out-of-network providers, they required Adrian P. "sign documents whereby the patient agree[d] to be

personally responsible for all medical charges." (*Id.* at ¶ 16). Among these forms, Plaintiff Providers claim to have obtained an Assignment of Benefits and Limited Power of Attorney, making them beneficiaries of Adrian P.'s ERISA healthcare plan. (ECF No. 1 at 16, "Assignment of Benefits"). The Assignment of Benefits states:

> I irrevocably assign to you, my medical provider, all of my rights and benefits under my insurance contract and/or any employee welfare benefit plan for payment for services rendered to me, including but not limited to all of my rights under "ERISA" applicable to the medical services at issue. I also authorize you to file insurance claims on my behalf for services rendered to me and this specifically includes filing arbitration/litigation in your name on my behalf against the PIP carrier/health care carrier. I irrevocably authorize you to retain an attorney of your choice on my behalf for collection of your bills. I direct that all reimbursable medical payments go directly to you, my medical provider. I authorize and consent to your acting on my behalf in this regard and in regard to my general health insurance coverage and I specifically authorize you to pursue any administrative appeals conducted pursuant to "ERISA."
>
> In the event the insurance carrier responsible for making medical payments in this matter does not accept my assignment, or my assignment is challenged or deemed invalid, I execute this limited/special power of attorney and appoint and authorize your collection attorney as my agent and attorney to collect payment for your medical services directly against the carrier in this case, in my name, including filing an arbitration demand or lawsuit. I specifically authorize that attorney to file directly against that carrier in my name or in your name as a medical provider rendering services to me and designate your collection attorney as my attorney in fact. I further grant limit power of attorney to you as my medical provider to receive and collect directly from the insurance carrier money due you for services rendered to me in this matter, and hereby instruct the insurance carrier to pay you directly any monies due you for medical services you rendered to me. I authorize you and or your attorney to receive from my insurer, immediately upon verbal request all information regarding last payment made by said insurer on my claim, including date of payment and balance of benefits remaining.

(*Id.*).

At all times relevant, Adrian P. received his health coverage through a self-funded health benefit plan provided by his wife's employer, Google, Inc., which was administered by Anthem. (*Id.* at ¶¶ 4-5, 10; ECF No. 9-2, "The Plan"). As an employee welfare benefit plan, the Plan is

governed by ERISA. (*Id.* at ¶¶ 20-25). The Plan has two key provisions that are relevant for purposes of this motion:

> **Benefits Not Transferable.** Only the *member* is entitled to receive benefits under this *plan*. The right to benefits cannot be transferred.
>
> . . . .
>
> **Payment to Providers.** The benefits of this *plan* will be paid directly to *participating providers* and medical transportation providers. Also, other providers of service will be paid directly when you assign benefits in writing. If another party pays for your medical care and you assign benefits in writing, the benefits of this *plan* will be paid to that party. These payments will fulfill our obligation to you for those covered services.

(The Plan at 74). In any event, on October 15, 2015, the Center billed Anthem $74,088.60 for its services. (Complaint at ¶ 39). Of this, Anthem only paid $6,951.81, leaving a balance of $67,136.79 outstanding. (*Id.* at ¶¶ 41, 50).

Pursuant the assignment of benefits, Plaintiffs bring this present lawsuit seeking, among other things, reimbursement for the medical services provided to Adrian P. Specifically, Plaintiffs allege that Defendants failed to make all payments pursuant a member's plan, contrary to Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). Relying principally on the "Benefits Not Transferable" clause, Defendants contend that Plaintiffs lack standing to sue. Alternatively, Defendants argue that Plaintiffs fail to plead particularized facts upon which relief may be granted.

## ANALYSIS

### I. Rule 12(b)(1) Subject Matter Jurisdiction

Defendants first contend that Plaintiffs' Complaint should be dismissed in its entirety since neither Provider Plaintiffs nor Adrian P. have standing to sue under Rule 12(b)(1). Specifically, Defendants argue that Provider Plaintiffs lack standing since the Plan's Benefits Not Transferable provision invalidates their purported Assignment of Benefits. Similarly, Defendants argue that

3

Adrian P. lacks Article III standing, since he has failed to claim an injury-in-fact. The Court addresses each argument in turn.

Under Federal Rule of Civil Procedure 12(b)(1) a claim can be dismissed for "lack of jurisdiction over the subject matter." This motion to dismiss may be asserted at any time in a case. *In re Kaiser Group Int'l, Inc.*, 399 F.3d 558, 565 (3d Cir. 2005). In a motion to dismiss based on subject matter jurisdiction, "the standard . . . is much more demanding [than the standard under 12(b)(6)]." "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

If the defendant's attack is facial, the court may take all allegations in the complaint as true and "may dismiss the complaint only if it appears to a certainty that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction." *Liu v. Gonzales*, No. 07-1797, 2007 U.S. Dist. LEXIS 74611, at *7 (D.N.J. Oct. 5, 2007). The standard of review differs substantially from that under Rule 12(b)(6), however, when the challenge is factual. Then, there is no presumption of truthfulness to a plaintiff's claims in the complaint. *RLR Invs., LLC v. Town of Kearny*, No. 06-4257, 2007 U.S. Dist. LEXIS 44703, at *8 (D.N.J. June 20, 2007) (citations omitted).

Thus, consideration of the motion does not have to be limited; conflicting evidence may be considered so that the court can decide factual issues that may bear on its jurisdiction. *Id.* Furthermore, "[w]hen resolving a factual challenge, the court may consult materials outside the pleadings, and the burden of proving jurisdiction rests with the plaintiff." *Med. Soc'y of N.J. v. Herr*, 191 F. Supp. 2d 574, 578 (D.N.J. 2002) (citing *Gould Elecs. Inc. v. U.S.*, 220 F.3d 169, 176 (3d Cir. 2000)). However, "[w]here an attack on jurisdiction implicates the merits of plaintiff's [f]ederal cause of action, the district court's role in judging the facts may be more limited." *RLR Invs., LLC*, 2007 U.S. Dist. LEXIS 44703, at *9 (internal citations omitted).

*1. Plaintiff Providers*

Plaintiff Providers bring this action as beneficiaries of the Plan, based on Adrian P.'s written Assignment of Benefits. The Third Circuit has recently made clear that, where there is a valid assignment of benefits by the plan participant, a healthcare provider may obtain a derivative right to sue under the patient's plan. *See N.J. Brain & Spine Ct. v. Aetna, Inc.*, 801 F.3d 369, 372 (3d Cir. 2015); *American Chiropractic Ass'n v. American Specialty Health Inc.*, 625 F. App'x 169, 175 (3d Cir. 2015). This being said, Defendants contend that the Plan's Benefits Not Transferable provision invalidates Adrian P.'s Assignment of Benefits and, as such, Plaintiff Providers lack standing.

Although the Third Circuit has yet to address the validity of anti-assignment clauses, courts in this District have found similar provisions to be valid and enforceable. *See Univ. Spine Ctr. v. Horizon Cross Blue Cross Shield of N.J.*, 262 F. Supp. 3d 105, 110-11 (D.N.J. 2017); *IGEA Brain & Spine, P.A. v. Blue Cross & Blue Shield of Minn.*, No. 16-5844, 2017 U.S. Dist. LEXIS 72633, at *4-5 (D.N.J. May 12, 2017) (citing cases). This is consistent with the majority of circuits, which "have concluded that an assignment is ineffectual if the plan contains an unambiguous anti-assignment provision." *Physicians Multispecialty Grp. v. Health Care Plan of Horton Homes, Inc.*, 371 F.3d 1291, 1295 (11th Cir. 2004) (citing *City of Hope Nat'l Med. Ctr. v. Healthplus, Inc.*, 156 F.3d 223, 229 (1st Cir. 1998); *St. Francis Reg'l Med. Ctr. v. Blue Cross & Blue Shield of Kan., Inc.*, 49 F.3d 1460, 1464-65 (10th Cir. 1995); *Davidowitz v. Delta Dental Plan of Cal., Inc.*, 946 F.2d 1476, 1478 (9th Cir. 1991)). "[A] clear and definite no-assignment provision may be construed in no other way but that any attempted assignment of either the contract or any rights created thereunder shall be void as against the obligor." *McCulloch Orthapaedic Surgical Servs.*

*PLLC v. Aetna Inc.*, 857 F.3d 141, 147 (2d Cir. 2017) (internal quotation marks and citation omitted)).

"In interpreting the provisions of an ERISA plan, the terms of the policy 'must be given their plain meanings, meanings which comport with the interpretations given by the average person.'" *McLain v. Metropolitan Life Ins. Co.*, 820 F. Supp. 169, 175 (D.N.J. 1993) (quoting *Wickman v. Northwestern Nat'l Ins. Co.*, 908 F.2d 1077, 1084 (1st Cir. 1990)). "Whether an ERISA plan is ambiguous is a question of law." *Alexander v. Primerica Holdings, Inc.*, 967 F.2d 90, 92 (3d Cir. 1992). "A term is ambiguous if it is subject to reasonable alternative interpretations." *Taylor v. Cont'l Grp. Change in Control Severance Pay Plan*, 933 F.2d 1227, 1232 (3d Cir. 1991). Here, the Benefits Not Transferable provision has different language than other anti-assignment provisions; however, two other courts have construed them similarly. *See Quaresma v. BC Lift & Health Ins. Co.*, 623 F. Supp. 2d 1110, 1127-28 (E.D. Cal. 2007) (finding a similar provision to be a valid and enforceable anti-assignment clause.).[1] In fact, another district court recently held that this exact provision is an enforceable anti-assignment clause. *Angstadt v. Empire Health Choice HMO, Inc.*, No. 15-1832, 2017 U.S. Dist. LEXIS 40406, at *14 (E.D.N.Y. May 16, 2017). Here, the Court is satisfied that the plain meaning of the Benefits Not Transferable provision "is that the assignment of benefits is unambiguously prohibited under any circumstances." *Id.* Because the Plan's Benefits Not Transferable provision clearly prohibits Adrian P.'s Assignment of Benefits, it is invalid.

---

[1] In *Quaresma*, the provision in question stated, "Benefits Not Transferable: You and your eligible Family Members are the only persons entitled to receive benefits under this Combined Evidence of Coverage and Disclosure Form. The right to benefits cannot be transferred." 623 F. Supp. 2d at 1127.

Plaintiff Providers rely on the Plan's "Payment to Providers" provision, in support of their contention that the Benefits Not Transferable provision is invalid. The Court disagrees. "Courts have routinely enforced anti-assignment clauses despite provisions allowing direct payment to providers." *LB Surgery Ctr., LLC v. Boeing Co.*, No. 17-283, 2017 U.S. Dist. LEXIS 184773, at *10-11 (N.D. Ill. Nov. 8, 2017) (collecting cases). In fact, "courts in this District have found that even remitting payment directly to a provider does not alone render anti-assignment provisions unenforceable if such action is authorized under the plan at issue." *IGEA Brain & Spine, P.A.*, 2017 U.S. Dist. LEXIS 72663, at *6 n.4. (citing *Advanced Orthopedics & Sports Med. v. Blue Cross Blue Shield of Massachusetts*, No. 14-7280, 2015 U.S. Dist. LEXIS 93855, at *15-20 (D.N.J. July 20, 2015); *Gregory Surgical Services, LLC v. Horizon Blue Cross Blue Shield of N.J., Inc.*, No. 06-462, 2007 U.S. Dist. LEXIS 94056, at *11-12 (D.N.J. Dec. 19, 2007)). Since the "Payment to Providers" provision does not invalidate the Plan's Benefits Not Transferable clause, Plaintiff Providers' argument is without merit.

In sum, the Plan has a valid and enforceable Benefits Not Transferable clause; as such, Adrian P.'s Assignment of Benefits to Plaintiff Providers was invalid. It follows that the Center and Dr. Fox do not have standing to assert claims under ERISA. Therefore, their claims are dismissed.

*2. Adrian P.*

Defendants next assert that Adrian P. lacks standing, since he has failed to plead an injury in fact. The Court disagrees. "It is axiomatic that, in addition to those requirements imposed by statute, plaintiffs must also satisfy Article III of the Constitution." *Horvath v. Keystone Health Plan E., Inc.*, 333 F.3d 450, 455 (3d Cir. 2003). In order to demonstrate Article III standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged

conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robbins*, 136 S. Ct. 1540, 1547 (2016). Here, Defendants contend that Adrian P. lacks Article III standing, since he was not denied medical treatment or services, and was not required to pay out-of-pocket expenses for his treatment. As such, Defendants contend that Adrian P.'s injury is, at best, conjectural or hypothetical.

The Court is guided by Judge Wolfson's decision in *Professional Orthopedic Associates, PA v. Excellus Blue Cross Blue Shield*, No. 14-6950, 2015 U.S. Dist. LEXIS 91815, at *21-23 (D.N.J. July 15, 2015), which addressed essentially the same issue. Although the plaintiff had not incurred any out-of-pocket expenses, the court also noted that the plaintiff had not been forgiven for the outstanding medical charges owed to the provider. *Id.* Therefore, the court concluded, "[t]he clear inference from the Complaint is that [the patient] remains indebted to the Provider Plaintiffs for a greater amount than she would have been had [the insurers] properly paid the asserted benefits." *Id.* As such, the court found that the plaintiff had sufficiently established Article III standing. Here, according to the Complaint, Adrian P. remains personally responsible for any outstanding medical charges (Complaint at ¶ 16); therefore, since Defendants have failed to pay for the medical services provided, the Court is satisfied that Adrian P. has established Article III standing. *See Excellus*, 2015 U.S. Dist. LEXIS 91815, at *22-23; *Prof'l Orthopedic Assocs., PA v. CareFirst BlueCross BlueShield*, No. 14-4486, 2015 U.S. Dist. LEXIS 84996, at *12 (D.N.J. June 30, 2015).

Having determined that Adrian P. has standing, the Court next considers the merits of Plaintiffs' Complaint.

II. Rule 12(b)(6) Failure to State a Claim

*1. Count I: ERISA Section 502(a)(1)(B)*

Defendants next seek dismissal of Plaintiffs' Complaint pursuant Rules 8(a) and 12(b)(6), since Plaintiffs fail to plead particularized facts upon which relief may be granted. Plaintiffs respond, contending that the Complaint sets forth sufficient facts to survive Defendants' motions.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

On a motion to dismiss for failure to state a claim, the "defendant bears the burden of showing that no claim has been presented." *Hedges*, 404 F.3d at 750. Under Federal Rule of Civil Procedure 12(b)(6), the Court is required to accept as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *See Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 (3d Cir. 1994). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *Iqbal*, 556 U.S. at 678-79; *see also Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d Cir. 1997). A complaint should be dismissed only if the well-pleaded alleged facts, taken as true, fail to state a claim. *See In re Warfarin Sodium*, 214 F.3d 395, 397-98 (3d Cir. 2000).

Here, Defendants argue that Adrian P.'s Section 502(a)(1)(B) claim should be dismissed since he fails to identify the specific plan provision under which he seeks relief. Section 502(a)(1)(B) gives plan participants the right to initiate a civil action "to recover benefits due to

him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). "A plaintiff seeking to recover under section 502(a)(1)(B) must demonstrate that the benefits are actually 'due'; that is, he or she must have a right to benefits that is legally enforceable against the plan." *Hooven v. Exxon Mobil Corp.*, 465 F.3d 566, 574 (3d Cir. 2006) (citing 29 U.S.C. § 1132(a)(1)(B)).

Here, for purposes of this motion, the Court is satisfied that the Complaint alleges sufficient facts to satisfy a claim under Section 502(a)(1)(B). The Complaint alleges that: Adrian P. is a beneficiary of the Plan (Complaint at ¶ 6); the Plan required Defendants to "pay benefits promptly for such out-of-network services based on the usual, customary and reasonable rates for those services in the geographic area in which the medical provider is located" (*Id.* at ¶ 12); the services were medically necessary and appropriate (*Id.* at ¶ 37); and Defendants used "flawed or inadequate data and other information in order to determine the usual, customary and reasonable rates for medical services, which then resulted in the denial of benefits and/or payment of reimbursements well below the usual, customary and reasonable rates for out-of-network medical services." (*Id.* at ¶ 13). Taken as true, the Court is satisfied that Complaint sufficiently alleges that Defendants wrongfully denied Adrian P. benefits provided under the Plan and, therefore, violated Section 502(a)(1)(B) of ERISA. Moreover, the Court notes that these exact allegations were found to be sufficient in *Professional Orthopedic Associates, PA*, 2015 U.S. Dist. LEXIS 91845, at *31-33, and *Gregory Surgical Services, LLC*, 2007 U.S. Dist. LEXIS 94056, at *11-12. Therefore, Defendants' Motions to Dismiss Count I are denied.

Lastly, Defendants seek dismissal of Count I, to the extent that Adrian P. alleges a breach of fiduciary duty, since it is duplicative. Generally, courts will dismiss a breach of fiduciary claim where the plaintiff does not seek any additional relief other than what he or she would otherwise

receive under Section 502(a)(1)(B). *See Cohen v. Independence Blue Cross*, 820 F. Supp. 2d 594, 608 (D.N.J. 2011); *see also Zahl v. Cigna Corp.*, No. 09-1527, 2010 U.S. Dist. LEXIS 32268, at *9-10 (D.N.J. Mar. 31, 2010). Here, because Adrian P. concedes that he does not plead a separate claim for breach of fiduciary duty, the Court understands Count I to be limited to a claim under Section 502(a)(1)(B) and not based on a breach of fiduciary theory. Nevertheless, for the reasons discussed above, Defendants' Motions to Dismiss Count I are denied.

*2. Count II: Attorney's Fees*

Finally, Defendants seek dismissal of Count II of the Complaint, which seeks attorney's fees. Specifically, Defendants contend that because Adrian P. cannot succeed on the merits of his claims, dismissal of Count II is warranted.

Under Section 502(g)(1) of ERISA, the Court has discretion to award attorney's fees to the prevailing party. 29 U.S.C. § 1132(g)(1). "[A]s long as the fee claimant has achieved 'some degree of success on the merits,'" "a court 'in its discretion' may award fees and costs 'to either party.'" *Hardt v. Reliance Std. Life Ins. Co.*, 560 U.S. 242, 245 (2010) (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694 (1983)). In determining whether to award attorney's fees, the court must consider: "(1) the offending parties' culpability or bad faith; (2) the ability of the offending parties to satisfy an award of attorney' fees; (3) the deterrent effect of an award of attorneys' fees; (4) the benefit conferred upon members of the pension plan as a whole; and (5) the relative merits of the parties' positions." *Fields v. Thompson Printing Co.*, 363 F.3d 259, 275 (3d Cir. 2004 (citing *Uric v. Bethlehem Mines*, 719 F.2d 670, 673 (3d Cir. 1983)).

At this juncture, having determined that Adrian P.'s Section 502(a)(1)(B) claim survives Defendants' Motions to Dismiss, the Court sees no reason to dismiss Count II. As such, Defendants' Motions to Dismiss Count II are denied.

## ORDER

IT IS on this 22 day of March, 2018,

**ORDERED** that Defendants' motions to dismiss (ECF Nos. 9 and 10) are **GRANTED** in part and **DENIED** in part as follows:

(1) Defendants' Motions to Dismiss Plaintiffs' Complaint are **GRANTED** as to the Center and Dr. Fox, since they lack standing to bring any claims in this case;

(2) Defendants' Motions to Dismiss Count I as to Adrian P. are **DENIED**.

(3) Defendants' Motions to Dismiss Count II are **DENIED**.

_____
PETER G. SHERIDAN, U.S.D.J.